# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 50795

| | |
|---|---|
| In the Interest of:  John Doe I,<br>A Child Under Eighteen (18) Years of Age.<br>------------------------------------------------------<br>STATE OF IDAHO, DEPARTMENT OF<br>HEALTH AND WELFARE,<br><br>  Petitioner-Respondent,<br><br>v.<br><br>JOHN DOE and JANE DOE (2023-22),<br><br>  Respondents-Appellants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Boise, January 2024 Term<br><br>Opinion Filed: January 18, 2024<br><br>Melanie Gagnepain, Clerk |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Gerald F. Schroeder, District Judge.

Alternative motions for extension of time are <u>denied</u>, and appeal is <u>dismissed</u>.

Idaho Injury Law Group, PLLC, Seth H. Diviney, Boise, for Appellants.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent.

_____

PER CURIAM

This matter came before the Court on Appellants' Motion to Reconsider Third Extension of Time or in the Alternative Motion for a Fourth Extension of Time to File Appellants' Brief. The Court has reviewed the motions and the supporting declaration from counsel. The motions are DENIED, and pursuant to Rule 21 of the Idaho Rules of Appellate Procedure, this appeal is DISMISSED for failure to comply with the briefing schedule ordered by the Court.

1. Appellants John and Jane Doe ("Parents") have filed an appeal challenging the denial of their requests for attorney fees in a child protective act case. Appellants contend the child protective act proceeding was "groundless and arbitrary." The magistrate court denied the requests for fees, and the district court, acting in its intermediate appellate capacity, affirmed the magistrate court's decision.

1

2. Parents filed a timely appeal of the district court's decision. Parents' opening brief was originally due on September 14, 2023. Parents filed a Motion to Augment and Suspend on August 23, 2023, and the appeal was suspended. Respondent's Request to Augment the Record was filed on August 28, 2023. The augmentation requests were granted, and the due date for Appellant's Brief was reset to October 27, 2023. Two days after the deadline, Parents filed a motion for an extension of time requesting an additional 42 days to file the opening brief. The Court granted the motion, allowing a 35-day extension, and Parents were ordered to file their opening brief by December 1, 2023.

3. Parents failed to file their opening brief on December 1, 2023, and on that date instead filed a second motion for extension of time requesting that they be given an additional 35 days to file their opening brief. The motion was granted, and Parents were ordered to file their opening brief by January 5, 2024.

4. Parents failed to file their opening brief on January 5, 2024, and on that date instead filed a third motion for extension of time requesting that they be given an additional 35 days to file their opening brief. Counsel's declaration in support of the motion did not provide a reason for the request other than to state that it was necessary to protect Parents' due process rights. The State of Idaho, Department of Health and Welfare objected to the request.

5. The Court denied Parents' third motion for extension of time on January 9, 2024, and entered an order requiring Parents to file their opening brief by 5:00 p.m. on January 10, 2024. This order effectively gave Parents five days after the January 5th deadline to file their opening brief. The order was served on, and received by, Parents' counsel.

6. Parents failed to file their opening brief on January 10, 2024 at 5:00 p.m., the deadline set for the filing. Parents submitted their opening brief approximately three hours after the deadline set by the Court.

7. On January 11, 2024, Counsel for Parents was advised that he needed to submit a fourth motion for extension of time because of the late submission of Parents' opening brief. Counsel did so. The only stated justification for the failure to comply with the deadline imposed by the Court was that counsel encountered formatting problems with the brief, is a solo practitioner, and is handling this matter pro bono.

From October 27, 2023, the due date set after the augmentation suspension ended, Parents had 75 additional days, or nearly eleven weeks, to file their opening brief. Instead of complying with the deadline set for January 5, 2024, counsel for Parents took the chance that the Court would simply grant the requested extension and give Parents another 35 days to file their brief even though he provided no explanation in his accompanying declaration as to why he was unable to meet the deadline. The gamble did not pay off. The request was denied, and Parents were ordered to file their brief by 5:00 p.m. on January 10, 2024, which was still five days after the deadline previously set. Counsel for Parents does not dispute that he received the order and was aware of the deadline. Nonetheless, counsel for Parents failed to submit the opening brief on

time. The fact that counsel for Parents is a solo practitioner and encountered formatting problems is not an excuse. The brief should have been filed on time, and Parents could have filed a motion to file a substitute brief to correct the formatting errors. Rule 21 of the Idaho Appellate Rules provides that "[f]ailure of a party to timely take any other step in the appellate process shall not be deemed jurisdictional, but may be grounds only for such action or sanction as the Supreme Court deems appropriate, which may include dismissal of the appeal." Given the lengthy and repeated extensions of time and counsel's unjustified failure to file the opening brief as expressly ordered by the Court, the appeal is dismissed and this matter will be referred to the Idaho State Bar for possible discipline of counsel for failure to pursue this matter with reasonable diligence as required by Rule 1.3 of the Idaho Rules of Professional Conduct governing attorneys.